UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Perry Larson,                                                                Civ. No. 12-97 (PAM/JJK)

                Plaintiff,

v.                                                                                **MEMORANDUM AND ORDER**

Michael J. Astrue, Commissioner
of Social Security,

                Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated January 14, 2013.  In the R&R, Magistrate Judge Keyes recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff John Perry Larson worked as mail clerk for the United States Postal Service from 1986 to 2002, when he stopped working because of physical ailments.  He seeks social security disability insurance benefits for a disability beginning on his 50th birthday,

December 17, 2004,[1] and continuing to the date he was last insured in 2009. In particular, Larson contends that his arthritis and documented history of pain in his shoulder, knees, and lower back render him unable to perform any substantial gainful activity.

Larson received a hearing before an Administrative Law Judge ("ALJ") on his appeal from the denial of his application for benefits. The ALJ determined that Larson was not disabled. Larson appealed this determination to the Appeals Council, which affirmed the ALJ. He then brought this lawsuit.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

---

[1] There is some inconsistency in the record as to whether the correct disability onset date is October 1, 2002, or December 17, 2004. Larson's application lists October 2002 as the onset date, but at the hearing, he apparently decided to change the onset date to his 50th birthday, for reasons that are less than clear.

Plaintiff raises three specific objections to the Magistrate Judge's findings. First, he contends that the Magistrate Judge erred in concluding that the ALJ properly weighed the medical opinions in the record. Second, he argues that the Magistrate Judge erred in finding that the ALJ did not err in failing to consider a 2002 Veterans Administration finding that Larson was disabled. Finally, he contends that the Magistrate Judge erred in determining that the ALJ properly evaluated Larson's credibility. The Court will address each objection in turn.

**A.      Medical Opinions**

Larson argues that the ALJ erred in discounting the opinions of Dr. Maw, one of Larson's treating physicians. Both the ALJ and the R&R determined that Dr. Maw's opinions were contradicted by substantial evidence in the record. Larson also contends that it was error for the ALJ to discount the opinions of Physician's Assistant Steckler as inconsistent with the record.

Dr. Maw is not an orthopaedist or rheumatologist. Larson sought treatment for Dr. Maw for hypertension and related disorders, not for his complaints regarding his arthritis or joint pain. However, Dr. Maw did comment in his treatment notes regarding the X-rays other physicians performed on Larson's shoulders, spine, and knees, and Dr. Maw opined regarding the pain Larson was experiencing as a result of abnormalities evident on the X-rays.

While it is true that Dr. Maw purported to comment on Larson's physical limitations as a result of his joint problems, the record is clear that Dr. Maw did not actually examine or treat Larson for any of these problems. Moreover, the X-rays on which Dr. Maw purported to base his conclusions were evaluated by other specialists as evidencing only mild to moderate impairments, findings that contradict Dr. Maw's evaluation of those X-rays. Moreover, as the R&R and ALJ noted, the fact that Larson adequately controlled his pain with over-the-counter medicines also runs counter to Dr. Maw's opinions. It was not erroneous for the ALJ to discount Dr. Maw's opinions as inconsistent with substantial evidence in the record.

Nor did the ALJ err in discounting PA Steckler's opinions regarding Larson's capacity for work. As the ALJ discussed, PA Steckler herself emphasized that she was not qualified to make a determination regarding Larson's work capacity, and she urged an occupational therapy evaluation to more effectively examine that capacity. And there was substantial evidence in the record, as discussed very thoroughly in the R&R, that contradicted PA Steckler's opinions in this regard.

Larson also argues that the ALJ's residual functional capacity ("RFC") determination was erroneous because the record does not indicate whether the ALJ relied on the reviewing physicians or from what source the ALJ gleaned Larson's RFC. The R&R found that the ALJ's opinion was supported by medical evidence, and thus the ALJ's failure to specifically discuss the evidence on which it was based was harmless error, to the extent it was erroneous. (R&R (Docket No. 13) at 44.) The Court agrees. Although the Court is not

allowed to speculate regarding the evidence the ALJ relies on in making the RFC determination, in this instance it is not necessary to speculate. There was substantial medical evidence in the record supporting the ALJ's RFC determination, and his failure to refer to any specific evidence was, as the R&R determined, harmless error at most.

**B.     VA Disability Determination**

In 2002, Larson sought treatment at a Veterans Administration hospital in Fargo. The VA ultimately determined that Larson was disabled and, as the R&R notes, he received a disability pension from the VA of $3,300 per month. Again, although it would have been preferable for the ALJ to explicitly consider this determination, it was not error in this case for him to fail to do so. The VA made this determination in 2002, more than two years before Larson's amended disability date. There is evidence in the record showing improvement in Larson's functioning after 2002. In addition, as the R&R discussed, the evidence before the VA did not establish at that time that Larson was disabled under the Social Security Administration's regulations. At most, Larson was found to have a 10-30% disability in his joints. Under the specific facts of this case, the ALJ's failure to address the VA's determination does not require reversal or a remand.

**C.     Credibility**

The ALJ determined that Larson's subjective evaluation of his abilities were inconsistent with the record. Although the ALJ's written decision states that Larson's complaints were inconsistent with the RFC, the opinion as a whole indicates that this was a misstatement, and the ALJ did indeed consider Larson's claims in light of the record as a

whole, not the RFC. And substantial evidence in that record establishes that Larson's subjective claims of inability to work are not entirely credible, as the ALJ found. Moreover, it was not error for the ALJ to determine that the VA disability pension provided a disincentive for Larson to return to work. Larson concedes that the ALJ properly considered "whether VA benefits provided a disincentive for working" but argues that "such a conclusion has exceedingly little force when the medical record is entirely consistent with the claimant's allegations." (Obj. (Docket No. 16) at 8.) But here, the medical record is not "entirely consistent" with Larson's allegations, and indeed substantial evidence in the medical record contradicts Larson's allegations. The ALJ's consideration of Larson's VA benefits was not erroneous.

**CONCLUSION**

Larson has failed to establish that the R&R's conclusions are incorrect. Accordingly,

**IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 13) is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 10) is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment (Docket No. 8) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge